# UNITED STATES DISTRICT COURT
## District of New Jersey

UNITED STATES OF AMERICA

v.                                                  Case Number    05-533(SRC)(1)

MARK COCCHIOLA

   Defendant.

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

   The defendant, MARK COCCHIOLA, was represented by Lawrence S. Lustberg, Esq. Retained.

   The defendant was found guilty on count(s) one, two thru eighteen, ninteen thru twenty-seven, twenty-eight thru thirty-four, thirty-five thru thirty-eight ON SUPERSEDING INDICTMENT by a jury verdict on 4/2/07 after a plea of not guilty. Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date of Offense | Count Number(s) |
|---|---|---|---|
| 18:371 | Conspiracy | 8/2000-2/2002 | 1 |
| 18:1344 | Bank Fraud | 1994-3/2002 | 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17 and 18 |
| 15:78ff(a) | False Statements to the SEC | 11/2000-11/2001 | 19,20,21,22,23,24,25,26 and 27 |
| 18:1343 | Wire Fraud | 1/2002 | 28, 29, 30, 31, 32, 33 and 34 |
| 18:1341 | Mail Fraud | 11/2001-12/2001 | 35, 36, 37 and 38 |

   As pronounced on 3/27/08, the defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

   It is ordered that the defendant shall pay to the United States a special assessment of $3,800.00, for count(s) 1 thru 38, which shall be due immediately. Said special assessment shall be made payable to the Clerk, U.S. District Court.

   It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

   Signed this the  27  day of March, 2008.

                                          _____
                                          STANLEY R. CHESLER
                                          United States District Judge

07632

Judgment – Page 3 of 6

Defendant:     MARK COCCHIOLA
Case Number:   05-533(SRC)(1)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 180 Months, consisting of 60 months on each of counts 1, 28 thru 38, terms of 180 months on counts 2 thru 18, and terms of 120 months on counts 19 thru 27, all to run concurrently to each other on the SUPERSEDING INDICTMENT..

The Court makes the following recommendations to the Bureau of Prisons: that the defendant shall be designated to a facility nearest to family

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons on a time and date to be designated by the BOP.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____

Defendant delivered on _____ To _____
At _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

Judgment – Page 4 of 6

Defendant: MARK COCCHIOLA
Case Number: 05-533(SRC)(1)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 4 years; consisting of 3 years on counts 1, 19 thru 38; 4 years on counts 2 thru 18, all such terms to run concurrently to each other on the SUPERSEDING INDICTMENT

Within 72 hours of release from custody of the Bureau of Prisons, the defendant shall report in person to the Probation Office in the district to which the defendant is released.

While on supervised release, the defendant shall comply with the standard conditions that have been adopted by this court (on the next page).

Based on information presented, the defendant is excused from the mandatory drug testing provision, however, may be requested to submit to drug testing during the period of supervision if the probation officer determines a risk of substance abuse.

If this judgment imposes a fine, special assessment, costs, or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine, assessments, costs, and restitution that remains unpaid at the commencement of the term of supervised release and shall comply with the following special conditions:

The defendant shall provide the U.S. Probation Office with full disclosure of his financial records to include yearly income tax returns upon the request of the U.S. Probation Office. The defendant shall cooperate with the probation officer in the investigation of his financial dealings and shall provide truthful monthly statements of his income.

As a further special condition of supervised release, the defendant is to refrain from employment as an officer of a publicly traded company during the period of supervised release.

The defendant is prohibited from incurring any new credit charges or opening additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with a payment schedule for any restitution obligation. The defendant shall not encumber or liquidate interest in any assets unless it is in direct service of the restitution obligation or otherwise has the express approval of the Court.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

Judgment – Page 5 of 6

Defendant: MARK COCCHIOLA
Case Number: 05-533(SRC)(1)

## STANDARD CONDITIONS OF SUPERVISED RELEASE

While the defendant is on supervised release pursuant to this Judgment:

1) The defendant shall not commit another federal, state, or local crime during the term of supervision.

2) The defendant shall not illegally possess a controlled substance.

3) If convicted of a felony offense, the defendant shall not possess a firearm or destructive device.

4) The defendant shall not leave the judicial district without the permission of the court or probation officer.

5) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.

6) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

7) The defendant shall support his or her dependents and meet other family responsibilities.

8) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

9) The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment.

10) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.

11) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

12) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

13) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

14) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

15) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

16) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

---

*For Official Use Only - - - U.S. Probation Office*

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision or (2) extend the term of supervision and/or modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions, and have been provided a copy of them.

You shall carry out all rules, in addition to the above, as prescribed by the Chief U.S. Probation Officer, or any of his associate Probation Officers.

(Signed) _____
                              Defendant                                              Date

_____
U.S. Probation Officer/Designated Witness             Date

Judgment – Page 6 of 6

Defendant: MARK COCCHIOLA
Case Number: 05-533(SRC)(1)

## RESTITUTION AND FORFEITURE

### RESTITUTION

The defendant shall make restitution to the following persons in the following amounts:

| **Name of Payee (Victim)** | **Amount of Restitution** |
| --- | --- |
| John McDonald, Senior Vice President<br>Bank of America, N. A.<br>111 Westminster Street<br>R11-102-16-01<br>Providence, RI 02903 | $75,217,510.44 |
| Mark Lebovich, Esq.<br>Berstein Litowitz Berger & Grossman, LLP<br>1285 Avenue of the Americas<br>New York, New York 10019 | $40,000,000.00 |

Payments of restitution are to be made payable to **U.S. Treasury** and mailed to Clerk, U.S.D.C., 402 East State Street, Rm 2020, Trenton, New Jersey 08608 for distribution to the victim(s).

Restitution in the total amount of
$115, 217,510.44. The Court will waive the interest requirement in the case. Payments should be made payable to the U. S. Treasury and forwarded to the Clerk of the Court in Trenton, New Jersey for proportionate distribution to the victims. The amounts ordered represent the total amounts due to the victims for these losses. The defendant's restitution obligations shall not be affected by any restitution payments made by other defendants in this case, except that no further payments shall be required after the sums of the amounts actually paid by all defendants has fully satisfied these losses. The following defendants in the following cases may be subject to restitution orders to the same victims for these same losses: Steven Venechanos, Criminal No. 05-533-2, Lawrence Fransen, Criminal No. 04-10, George Vieira, Criminal No. 04-11, John Van Sickel, Criminal No. 04-12, Robert Quattrone, Criminal No. 04-13, Jack Gaglio Criminal No. 05-141, Arthur Christensen 07-32. The restitution is due immediately. It is recommended that the defendant participate in the Bureau of Prisons Inmate Financial Responsibility Program (IFRP). If the defendant participates in the IFRP, the restitution shall be paid from those funds at a rate equivalent to $25.00 every 3 months. In the event the entire restitution is not paid prior to the commencement of supervision, the defendant shall satisfy the amount due in monthly installments of no less than $25.00, to commence 30 days after release form confinement. The defendant shall notify the United States Attorney for this district within 30 days of any change of mailing or residence address that occurs while any portion of the restitution remains unpaid.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.