UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>MARK COCCHIOLA and<br>STEVEN VENECHANOS,<br><br>　　　　　　　　　　Defendants. | Criminal No. 05-533 (SRC)<br><br>**OPINION & ORDER** |

**CHESLER, District Judge**

This matter comes before the Court on the motion for bail pending appeal filed by Defendant Mark Cocchiola [docket item # 163]. Plaintiff United States of America opposes this motion. The Court has considered the papers submitted by the parties, and for the reasons set forth below, denies Cocchiola's motion.

A person found guilty of a federal offense and sentenced to a term of imprisonment "shall" be detained pending appeal absent specified exceptional circumstances. 18 U.S.C. § 3143(b)(1). To be eligible for bail pending appeal, a convicted and sentenced defendant must establish:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in - -
> 　　(ii)　　reversal,
> 　　(ii)　　an order for a new trial,

1

>    (iii)   a sentence that does not include a term of imprisonment, or
>    (iv)   a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

Id.

Defendant Cocchiola has not met his burden of proving these factors. Miller, 753 F.2d 19, 24 (3d Cir. 1985); United States v. Messerlian, 793 F2d 94, 95-96 (3d Cir. 1986). In particular, he has not demonstrated that the appeal of his conviction would raise a substantial question of law or fact likely to result in reversal, a new trial or a reduced term of imprisonment, as set forth in 18 U.S.C. § 3143(b)(1)(B). A substantial question is not simply an issue that is not frivolous. Miller, 753 F.2d at 23. Rather, the issue must be debatable among jurists of reason or "fairly doubtful." United States v. Smith, 793 F.2d 85, 88-89, 92 (3d Cir. 1986), cert. denied, 479 U.S. 1031 (1987). This may be shown if the issue is novel, or not governed by controlling precedent. Miller, 753 F.2d at 23. The defendant must also demonstrate that the issue is so integral to the merits "that a contrary appellate ruling is likely to require reversal or a new trial" on all counts. Id.

Cocchiola has raised six claims that he alleges pose substantial questions likely to result in new trials. He claims that:

> 1. the Court erred in excluding his proposed expert testimony at trial;
>
> 2. the Court abused its discretion by giving the jury a "willful blindness" instruction;
>
> 3. the Court abused its discretion by declining to give a "good faith" instruction;
>
> 4. the Court abused its discretion by declining to instruct the jury on multiple conspiracies;

> 5. the Court erred in declining to interview jurors about their deliberations; and
>
> 6. the Court erred in denying Cocchiola's motion for new trial based on newly discovered evidence.

As to all of these claims, the Court finds that no substantial question of law or fact exists because none of them present novel issues or issues on which reasonable minds could differ. Smith, 793 F.2d at 88-89; Miller, 753 F.2d at 23. The Court addressed each of these claims when they were raised in Cocchiola's motion for a new trial. The claims lacked merit in that context, and the Court again rejects the claims upon this application for bail pending appeal.

In light of the failure of these claims to present a substantial question of law or fact likely to result in reversal of the conviction or a new trial, the Court finds no reason to depart from the presumption in favor of post-conviction detention. Miller, 753 F.2d at 22 (observing that the "Bail Reform Act of 1984 was enacted because Congress wished to reverse the presumption in favor of bail that had been established under the prior statute, the Bail Reform Act of 1966.") A sentence to a term of imprisonment, which exists in Cocchiola's case, further militates in favor of post-conviction detention. Compare 18 U.S.C. § 3143 (a) with § 3143(b). In its discussion of the policy underlying the enactment of the Bail Reform Act, the Third Circuit took note of Congress's rationale:

> [O]nce a person has been convicted and sentenced to jail, there is absolutely no reason for the law to favor release pending appeal or even permit it in the absence of exceptional circumstances. First and most important, the conviction, in which the defendant's guilt of a crime has been established beyond a reasonable doubt, is presumably correct in law, a presumption factually supported by the low rate of reversal of criminal convictions in the Federal system. Second, the decision to send a convicted person to jail and thereby reject all other sentencing alternatives, by its very nature includes a determination by the sentencing judge that the defendant is dangerous to the person or property of others, and dangerous

> when sentenced, not a year later after the appeal is decided. Third, release of a criminal defendant into the community, even after conviction, destroys whatever deterrent effect remains in the criminal law.

Id. (quoting H.Rep. No. 907, 91st Cong., 2d Sess. 186-87 (1970)).

Having failed to meet his burden of establishing the requirements for bail pending appeal, as set forth in 18 U.S.C. § 3143(b)(1), Cocchiola's application for relief must be denied. Accordingly,

IT IS on this 20 day of June, 2008

**ORDERED** that Defendant Mark Cocchiola's motion for bail pending appeal (docket item # 163) be and hereby is **DENIED**.

s/ Stanley R. Chesler<br>
STANLEY R. CHESLER<br>
United States District Judge